DAVID T. MALOOF (DM 3350)
THOMAS M. EAGAN (TE 1713)
MALOOF BROWNE & EAGAN LLC
411 Theodore Fremd Avenue, Suite 190
Rye, New York 10580-1411
(914) 921-1200
*Attorneys for Plaintiffs*



FILED
DEC 14 2007
USDC WP SDNY

'07 CIV 11276

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOMPO JAPAN INSURANCE COMPANY OF            :     07 Civ.
AMERICA, and SOMPO JAPAN INSURANCE,         :
INC.,
                                            :     **COMPLAINT**
            *Plaintiffs*,
                                            :
    - against -
                                            :
YANG MING MARINE TRANSPORT                  :
CORPORATION,
                                            :
            *Defendants.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiffs Sompo Japan Insurance Company of America ("Sompo America") and Sompo Japan Insurance, Inc. ("Sompo Japan") by their undersigned attorneys, Maloof Browne & Eagan LLC, for their Complaint allege, upon information and belief, as follows:

1.    This action arises under the Court's federal question jurisdiction (28 U.S.C. 1331 and 49 U.S.C. 14706), Maritime jurisdiction under 28 U.S.C. 1333 and under Rule 9(h) of the F.R.C.P. and/or supplemental jurisdiction (28 U.S.C. 1367) as hereinafter more fully appears.

2.    Plaintiff Sompo America is an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York, New York, and is the insurer of one or more of the Shipments that are the subject of this action, as more fully described below.

3. Plaintiff Sompo Japan is an insurance company organized and existing under the laws of Japan, and is the insurer of one or more of the Shipments that are the subject of this action, as more fully described below.

4. Defendant Yang Ming Marine Transport Corporation (hereinafter "Yang Ming") is a corporation organized and existing under laws of a foreign country, was and is doing business as a common carrier of goods by sea and rail for hire, was the delivering rail carrier of the Shipments at issue, has its U.S. general agent located in the Port of New York, and does business in the State of New York.

5. Venue is proper here within the meaning of 28 U.S.C. § 1391 and 49 U.S.C. 11706(d)(2). The defendant resides within this District within the meaning of 28 U.S.C. § 1391(c), and defendant consents to the venue in the Southern District of New York.

## A. KUBOTA TRACTOR SHIPMENT

6. On or about March 31, 2006, at the Port of Tokyo, Japan, there was shipped by Kubota Corporation and delivered to Yang Ming and loaded aboard the M/V Cherokee Bridge a consignment of Agricultural Tractors, then being in good order and condition, in Containers YMLU8294100, FSCU6904489, CLHU8586100, XINU8033402, YMLU8217892, YMLU8264472, CRXU9841070, YMLU8190019, TGHU8035818, YMLU8131839, CRXU9505408, INKU6363983, BHCU4940820, CRXU9829536, TRLU8116442, YMLU8223405 (the "Kubota Shipment"). Defendant accepted the Kubota Shipment and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant agreed to transport and carry said Kubota Shipment to Georgia via sea and rail, and there deliver the Shipment in like good order and condition to Sompo America's assured and/or designee. The Kubota Shipment was described in certain bills of lading numbered YMLUW251121377, YMLUW251121405, YMLUW261121400, YMLUW251121404,

YMLUW251121378, YMLUW251121379, YMLUW251121380, YMLUW251121381, YMLUW251121382, YMLUW251121383, YMLUW251121384, YMLUW251121385, YMLUW251121386, YMLUW251121387, YMLUW251121388, YMLUW251121389, YMLUW251121398, and YMLUW251121402, all dated on or about March 31, 2006.

7. All portions of the carriage were part of an international and interstate transportation of goods.

8. Defendant made delivery of the Kubota Shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, short and seriously injured and impaired in value, all in violation of Defendant's obligations and duties as common carriers of merchandise by sea and rail for hire, and to perform their services with respect to the Kubota Shipment in a careful, workmanlike manner, and otherwise in violation of their duties, including duties to properly inspect, maintain and repair its rail lines.

9. Plaintiff Sompo America insured the Kubota Shipment. Plaintiff Sompo America has incurred, and will incur, losses as a result of the damage to the Kubota Shipment. Plaintiff Sompo America is duly entitled to maintain this action.

10. Plaintiff Sompo America and its assured have performed all conditions on their parts to be performed.

11. By reason of the foregoing, Plaintiff Sompo America has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $975,000.00.

**B. UNISIA SHIPMENT**

12. On or about March 31, 2006, at the Port of Yokohama, Japan, there was shipped by Hitachi, Ltd. and delivered to Yang Ming and loaded aboard the M/V Cherokee Bridge a

consignment of Automobile Parts in Containers YMLU4455172 and TEXU7204601, then being in good order and condition (the "Unisia Shipment"). Defendant accepted the Unisia Shipment and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant agreed to transport and carry said Unisia Shipment to Georgia via sea and rail, and there deliver the Shipment in like good order and condition to Sompo America's assured and/or designee. The Unisia Shipment was described in a certain bill of lading numbered YMLUW261105356 dated on or about March 31, 2006.

13. All portions of the carriage were part of an international and interstate transportation of goods.

14. Defendant made delivery of the Unisia Shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, short and seriously injured and impaired in value, all in violation of Defendant's obligations and duties as common carriers of merchandise by sea and rail for hire, and to perform their services with respect to the Unisia Shipment in a careful, workmanlike manner, and in otherwise violation of their duties, including duties to properly inspect, maintain and repair its rail lines.

15. Plaintiff Sompo America insured the Unisia Shipment. Plaintiff Sompo America has incurred, and will incur, losses as a result of damage to the Unisia Shipment. Plaintiff Sompo America is duly entitled to maintain this action. Plaintiff Sompo America and its assured have performed all conditions on their parts to be performed.

16. By reason of the foregoing, Plaintiff Sompo America has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $400,000.00

## C. HOSHIZAKI ELECTRIC SHIPMENT

17. On or about April 11, 2006, at the port of Kobe, Japan, there was shipped by Hoshizaki Electric Company and delivered to Yang Ming and loaded aboard the M/V Cherokee Bridge a consignment of Icemakers and Sushi Cases in Containers YMLU4515760, YMLU4746964 and YMLU4889482, then being in good order and condition (the "Hoshizaki Shipment"). Defendant accepted the Hoshizaki Shipment and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant agreed to transport and carry said Hoshizaki Shipment to Georgia via sea and rail, and there deliver the Shipment in like good order and condition to Sompo Japan's assured and/or designee. The Hoshizaki Shipment was described in a certain bill of lading numbered YMLUW251752204, dated on or about March 26, 2006.

18. All portions of the carriage were part of an international and interstate transportation of goods.

19. Defendant made delivery of the Hoshizaki Shipment, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, short and seriously injured and impaired in value, all in violation of Defendant's obligations and duties as common carriers of merchandise by sea and rail for hire, and to perform their services with respect to the Hoshizaki Shipment in a careful, workmanlike manner, and otherwise in violation of their duties, including duties to properly inspect, maintain and repair its rail lines.

20. Plaintiff, Sompo Japan insured the Hoshizaki Shipment. Plaintiff Sompo Japan has incurred, and will incur, losses as a result of damage to the Hoshizaki Shipment. Plaintiff Sompo Japan is duly entitled to maintain this action. Plaintiff Sompo Japan has performed all conditions on their parts to be performed.

21. By reason of the foregoing, Plaintiff Sompo Japan has sustained damages, as

nearly as the same can now be estimated, no part of which has been paid although duly demanded, in a sum estimated to be up to or exceeding U.S. $245,000.00.

### FIRST CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT AS TO THE KUBOTA SHIPMENT

22. Plaintiff Sompo America incorporates herein by reference the allegations of paragraphs 1 through 21 above.

23. By reason of the foregoing, Defendant was a rail carrier within the meaning of the Carmack Amendment and Staggers Rail Act of 1980 and breached their duty of a rail carrier under said law and under the contract of carriage.

24. By reason of the foregoing, Defendant has caused damage to Plaintiff Sompo America in an amount estimated to be up to and exceeding US $975,000.00.

### SECOND CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER COGSA, 46 U.S.C. §1300 ET. SEQ. AND/OR APPLICABLE TREATIES AS TO THE KUBOTA SHIPMENT

25. Plaintiff incorporates herein by reference the allegations of paragraphs 1-24 above.

26. By reason of the foregoing, Defendant was a common carrier of merchandise by water for hire within the meaning of the Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et. seq., and/or applicable treaties for the carriage of goods by sea and breached its duties as a carrier under that Act and under the contract of carriage entered into by the Defendant pursuant to that Act and/or treaties.

27. By reason of the foregoing, the Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $975,000.00.

## THIRD CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE AND/OR RECKLESSNESS AND/OR WILLFUL CONDUCT AS TO THE KUBOTA SHIPMENT

28. Plaintiff Sompo America incorporates herein by reference the allegations of paragraphs 1 through 27 above.

29. Defendant, directly or through its employees, agents or independent contractors, willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Kubota Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to carry the Kubota Shipment such as were reasonably required and would be sufficient to prevent the damage to the Kubota Shipment.

30. The Kubota Shipment suffered loss as alleged herein, as a proximate result of defendant's said willful, reckless and/or negligent conduct.

31. Defendant is accordingly liable to Plaintiff Sompo America in an amount estimated to be or exceed U.S. $975,000.

## FOURTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE KUBOTA SHIPMENT

32. Plaintiff Sompo America incorporates herein by reference the allegations of paragraphs 1 through 31 above.

7

33. Defendant at relevant times acted as carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Kubota Shipment at the time it was in their custody. Defendant thereby, or through its contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Kubota Shipment in the same condition as when entrusted to them, and/or to perform its services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those obligations and negligently failed to deliver to Plaintiff Sompo America's assured's designees or consignees the Kubota Shipment in as complete and good condition as when entrusted to them.

34. By reason of the foregoing, the Defendant has caused damage as alleged herein to Plaintiff Sompo America, and is liable to Plaintiff Sompo America for such damages in an amount estimated to be or exceed U.S. $975,000.00.

### FIFTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT AS TO THE UNISIA SHIPMENT

35. Plaintiff Sompo America incorporates herein by reference the allegations of paragraphs 1 through 34 above.

36. By reason of the foregoing, Defendant was a rail carrier within the meaning of the Carmack Amendment and Staggers Rail Act of 1980 and breached their duty of a rail carrier under said law and under the contract of carriage.

37. By reason of the foregoing, Defendant has caused damage to Plaintiff Sompo America in an amount estimated to be up to and exceeding US $400,000.00.

## SIXTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER COGSA, 46 U.S.C. §1300 ET. SEQ. AND/OR APPLICABLE TREATIES AS TO THE UNISIA SHIPMENT

38. Plaintiff incorporates herein by reference the allegations of paragraphs 1-37 above.

39. By reason of the foregoing, Defendant was a common carrier of merchandise by water for hire within the meaning of the Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et. seq., and/or applicable treaties for the carriage of goods by sea and breached its duties as a carrier under that Act and under the contract of carriage entered into by the Defendant pursuant to that Act and/or treaties.

40. By reason of the foregoing, the Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $400,000.00.

## SEVENTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY NEGLIGENCE AND/OR GROSS NEGLIGENCE AS TO THE UNISIA SHIPMENT

41. Plaintiff Sompo America incorporates herein by reference the allegations of paragraphs 1 through 40 above.

9

42. Defendant, directly or through its employees, agents or independent contractors, willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Unisia Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the Unisia Shipment such as were reasonably required and would be sufficient to prevent the damage to the Unisia Shipment.

43. The Unisia Shipment suffered loss as alleged herein, as a proximate result of defendant's said willful, reckless and/or negligent conduct.

44. Defendant is accordingly liable to Plaintiff Sompo America in an amount estimated to be or exceed U.S. $400,000.00.

## EIGHTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE UNISIA SHIPMENT

45. Plaintiff Sompo America incorporates herein by reference the allegations of paragraphs 1 through 44 above.

46. Defendant at relevant times acted as a carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Unisia Shipment at the time it was in their custody. Defendant thereby, or through its contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Unisia Shipment in the same condition as when entrusted to them, and/or to perform its services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those obligations and negligently failed to deliver to Plaintiff Sompo America's assured's designees or consignees the Unisia Shipments in as complete and good condition as when entrusted to them.

47. By reason of the foregoing, the Defendant has caused damage as alleged herein to Plaintiff Sompo America, and is liable to Plaintiff Sompo America for such damages in an amount estimated to be or exceed U.S. $400,000.00.

## NINTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT AS TO THE HOSHIZAKI SHIPMENT

48. Plaintiff Sompo Japan incorporates herein by reference the allegations of paragraphs 1 through 47 above.

49. By reason of the foregoing, Defendant was a rail carrier within the meaning of the Carmack Amendment and Staggers Rail Act of 1980 and breached its duty of a rail carrier under said law and under the contract of carriage.

50. By reason of the foregoing, Defendant has caused damage to Plaintiff Sompo Japan in an amount estimated to be up to and exceeding US $245,000.00.

## TENTH CAUSE OF ACTION

### BREACH OF CONTRACT AND OF DUTIES UNDER COGSA, 46 U.S.C. §1300 ET. SEQ. AND/OR APPLICABLE TREATIES AS TO THE HOSHIZAKI SHIPMENT

51. Plaintiff incorporates herein by reference the allegations of paragraphs 1-50 above.

52. By reason of the foregoing, Defendant was a common carrier of merchandise by water for hire within the meaning of the Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et. seq., and/or applicable treaties for the carriage of goods by sea and breached its duties as a carrier under that Act and under the contract of carriage entered into by the Defendant pursuant to that Act

11

and/or treaties.

53. By reason of the foregoing, the Defendant has caused damage to Plaintiff, and to the others on whose behalf Plaintiff sues, in an amount, as nearly as can now be estimated, up to or exceeding U.S. $245,000.00.

## ELEVENTH CAUSE OF ACTION

### TORT DAMAGE TO PROPERTY
### NEGLIGENCE AND/OR GROSS NEGLIGENCE
### AS TO THE HOSHIZAKI SHIPMENT

54. Plaintiff Sompo Japan incorporates herein by reference the allegations of paragraphs 1 through 53 above.

55. Defendant, directly or through its employees, agents or independent contractors, willfully, recklessly or negligently and/or with gross negligence failed to exercise the degree of care in relation to the Hoshizaki Shipment which a reasonably careful man would exercise under like circumstances, and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the Hoshizaki Shipment such as were reasonably required and would be sufficient to prevent the damage to the Hoshizaki Shipment.

56. The Hoshizaki Shipment suffered losses as alleged herein, as a proximate result of defendant's said willful, reckless and/or negligent conduct.

57. Defendant is accordingly liable to Plaintiff Sompo Japan in an amount estimated to be or exceed U.S. $245,000.00.

## TWELFTH CAUSE OF ACTION

### BREACH OF BAILMENT OBLIGATIONS
### AS TO THE HOSHIZAKI SHIPMENT

58. Plaintiff Sompo Japan incorporates herein by reference the allegations of paragraphs 1 through 57 above.

59. Defendant at relevant times acted as a carrier of goods for hire by land, and/or bailee of or otherwise had a duty to care for the Hoshizaki Shipment at the time it was in its custody. Defendants thereby, or through its contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the Hoshizaki Shipment in the same condition as when entrusted to them, and/or to perform its services or to ensure that those service were performed with reasonable care and in a non-negligent and workmanlike manner. Defendant breached those obligations and negligently failed to deliver to Plaintiff Sompo Japan's assured's designees or consignees the Hoshizaki Shipments in as complete and good condition as when entrusted to them.

60. By reason of the foregoing, the Defendant has caused damage as alleged herein to Plaintiff Sompo Japan, and are liable to Plaintiff Sompo Japan for such damages in an amount estimated to be or exceed U.S. $245,000.00.

WHEREOF, Plaintiff pray:

1. That judgment may be entered in favor of Plaintiffs against Defendant for the amount of each Plaintiffs' damages, together with interest and costs, and the disbursements of this action;

2. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated: Rye, New York
      December 7, 2007

                                      MALOOF BROWNE & EAGAN LLC

                                      By: _____
                                          David T. Maloof (DM 3350)
                                          Thomas M. Eagan (TE 1713)
                                  411 Theodore Fremd Avenue, Suite 190
                                  Rye, New York 10580-1411
                                  (914) 921-1200
                                  *Attorneys for Plaintiffs Sompo Japan Insurance Company of America and Sompo Japan Insurance, Inc.*

F:\WP-DOCS\2503.81\120607 YM Complaint.doc