Barry N. Gutterman, Esq. (BG6410)
Robert Briere, Esq. (RB6080)
Barry N. Gutterman & Associates, P.C.
Attorneys for Defendant
Yang Ming Marine Transport Corporation
60 East 42nd Street, 46th Floor
New York, New York 10165
(212) 983-1466

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------X
SOMPO JAPAN INSURANCE COMPANY OF AMERICA,
and SOMPO JAPAN INSURANCE, INC.

           *Plaintiffs,*      **07 CIV. 11276**

 - against –

                       **(Judge Chin)**

YANG MING MARINE TRANSPORT CORPORATION

                *Defendant.*
--------------------------------------------------------------------------

### DEFENDANT YANG MING MARINE TRANSPORT CORPORATION'S
### <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

  Defendant, Yang Ming Marine Transport Corporation ("Yang Ming") by and through its attorneys, Barry N. Gutterman & Associates, P.C., hereby answers Plaintiffs' Complaint and avers Affirmative Defenses, and in support thereof states as follows:

  1.  The allegations contained in the corresponding paragraph of plaintiffs' complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

2. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

3. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

4. Admitted in part; denied in part. Yang Ming admits that it is a corporation organized and existing under laws of a foreign country. Yang Ming admits that it operates through an agent, which is incorporated in the State of New York and which has an office in the "Port of New York." Yang Ming denies that it was the delivering rail carrier of the Shipments at issue, denies that it is a rail carrier and denies that it does business as a common carrier of goods by rail for hire. Yang Ming denies that it has a place of business in the State of New York.

5. Yang Ming denies that it has consented to venue in the United States District Court for the Southern District of New York. The remaining allegations contained in the corresponding paragraph of plaintiff's complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

6. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

7. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

8. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

9. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

10. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

11. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

12. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

13. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

14. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

15. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

16. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

17. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

18. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

19. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

20. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

21. Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

### FIRST CAUSE OF ACTION – KUBOTA SHIPMENT

22. – 24.   Yang Ming states that the claims set forth in these paragraphs are currently subject to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND CAUSE OF ACTION – KUBOTA SHIPMENT

25.   Yang Ming incorporates herein its responses to paragraphs 1 – 24 of Plaintiffs' complaint as if fully set forth herein.

26.   The allegations contained in the corresponding paragraph of plaintiffs' complaint are conclusions of law to which no response is required and are accordingly denied.  To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

27.   Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

### THIRD CAUSE OF ACTION – KUBOTA SHIPMENT

28–31. Yang Ming states that the claims set forth in these paragraphs are currently subject to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

### FOURTH CAUSE OF ACTION – KUBOTA SHIPMENT

32–34. Yang Ming states that the claims set forth in these paragraphs are currently subject to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

### FIFTH CAUSE OF ACTION – UNISIA SHIPMENT

35–37. Yang Ming states that the claims set forth in these paragraphs are currently subject to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

### SIXTH CAUSE OF ACTION – UNISIA SHIPMENT

38. Yang Ming incorporates herein its responses to paragraphs 1 – 37 of Plaintiffs' complaint as if fully set forth herein.

39. The allegations contained in the corresponding paragraph of plaintiffs' complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

**40.** Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

### SEVENTH CAUSE OF ACTION – UNISIA SHIPMENT

41–44. Yang Ming states that the claims set forth in these paragraphs are currently subject to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

### EIGHTH CAUSE OF ACTION – UNISIA SHIPMENT

45–47. Yang Ming states that the claims set forth in these paragraphs are currently subject to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**NINTH CAUSE OF ACTION – HOSHIZAKI SHIPMENT**

48–50.   Yang Ming states that the claims set forth in these paragraphs are currently subject to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**TENTH CAUSE OF ACTION – HOSHIZAKI SHIPMENT**

51.   Yang Ming incorporates herein its responses to paragraphs 1 – 50 of Plaintiffs' complaint as if fully set forth herein.

52.   The allegations contained in the corresponding paragraph of plaintiffs' complaint are conclusions of law to which no response is required and are accordingly denied. To the extent that any of said allegations can be construed as factual allegations, they are denied with proof demanded at trial.

53.   Yang Ming is without sufficient knowledge and information upon which to form a belief as to the truth of the allegations contained in the corresponding paragraph of plaintiff's complaint and, therefore, those allegations are denied with proof demanded at trial.

**ELEVENTH CAUSE OF ACTION – HOSHIZAKI SHIPMENT**

54–57.   Yang Ming states that the claims set forth in these paragraphs are currently subject to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**TWELFTH CAUSE OF ACTION – HOSHIZAKI SHIPMENT**

58–60.   Yang Ming states that the claims set forth in these paragraphs are currently subject to a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

**WHEREFORE**, defendant, Yang Ming Marine Transport Corporation demands judgment in its favor and against plaintiffs Sompo Japan Insurance Company of America, and Sompo Japan Insurance, Inc., dismissing the Complaint with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred to the extent that plaintiffs failed to satisfy conditions precedent for pursuing the claims set forth in its complaint.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's' claims are barred to the extent they are untimely pursuant to applicable statutory and/or contractual and published tariff limitations.

### FOURTH AFFIRMATIVE DEFENSE

4. To the extent that plaintiffs have incurred any of the alleged damages, they have failed to mitigate said losses or damages.

### FIFTH AFFIRMATIVE DEFENSE

5. To the extent the movement of the freight at issue was subject to statutory, tariff, or contractual limitations of liability, either specifically agreed to or incorporated from tariffs or governing publications, plaintiffs may not recover from the Defendants in excess of such limitations.

### SIXTH AFFIRMATIVE DEFENSE

6. Any loss or damage incurred by plaintiffs, as alleged in their complaint, was caused in whole or in part by the acts or omissions of plaintiffs, and/or its agents, and/or other parties for whom the Defendants not responsible, including but not limited to their insureds.

### SEVENTH AFFIRMATIVE DEFENSE

7. The claims asserted in the Complaint are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiffs lack standing to assert any claims against the Defendants, and have no privity of contract with the Defendants in connection with the freight movement at issue.

### NINTH AFFIRMATIVE DEFENSE

9. The damage to the freight at issue was caused in whole or in part by the inherent vice or nature of the goods.

### TENTH AFFIRMATIVE DEFENSE

10. In the event that the plaintiffs had or have no title or interest in the freight that is the subject of this action, then the plaintiffs are not the real parties in interest and are not entitled to maintain this suit.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs' common law claims are preempted by federal law.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The damages complained of herein resulted from or were caused by one or more of the following, all of which are affirmative defenses available under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 1300 *et seq.*, and/or the Carmack Amendment, 49 U.S.C. § 11706:

- (a) acts of God;
- (b) act(s) of public enemy;
- (c) acts or omission of shipper himself;
- (d) act(s) of public authority;
- (e) inherent vice or nature of goods;
- (f) acts, neglect, or default of the master, mariner, pilot, or the servants of the carrier in the navigation or in the management of the ship;
- (g) perils, dangers and accidents of the se or other navigable waters;
- (h) acts of war;
- (i) arrest or restraint of princes, rulers or people, or seizure under legal process;
- (j) strikes or lockouts or stoppage or restraint of labor from whatever cause, whether partial or general: *Provided*, That nothing herein contained shall be construed to relieve a carrier from responsibility for the carrier's own acts;
- (k) saving or attempting to save life or property at sea;
- (l) wastage in bulk or weight or any other loss or damage arising from inherent defect, quality or vise of the goods;
- (m) insufficiency of packing;
- (n) insufficiency or inadequacy of marks; and
- (o) latent defects not discoverable by due diligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' choice of venue is improper and, therefore, the Court should dismiss Plaintiffs' Complaint and/or transfer Plaintiffs' claims to a judicial district where venue would be proper.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs have failed to join necessary and indispensable parties and, therefore, the Court should dismiss this Complaint.

**WHEREFORE**, defendant, Yang Ming Marine Transport Corportation demands judgment in its favor and against plaintiffs Sompo Japan Insurance Company of America and Sompo Japan Insurance, Inc., dismissing the Complaint with prejudice.

Dated:     New York, New York
           January 11, 2008

> By: /s/ Barry Gutterman
> Barry N. Gutterman, Esq. (BG-6410)
> Robert Briere, Esq. (RB6080)
> Barry N. Gutterman & Associates, P.C.
> 60 East 42nd Street, 46th Floor
> New York, New York 10161
> (212) 983-1466 (phone)
> (212) 983-1229 (fax)
>
>    - And -
>
> Of Counsel:
>
> Charles L. Howard, Esq.
> Keenan Cohen & Howard PC
> One Commerce Square
> 2005 Market Street, Suite 2520
> Philadelphia, PA 19103
> (215) 609-1105 (phone)
> (215) 609-1117 (fax)
>
> Attorneys for Defendant
> Yang Ming Marine Transport Corporation

TO:   Thomas M. Eagan, Esq. (TE1713)
      Maloof Browne & Eagan LLC
      411 Theodore Fremd Avenue, Suite 190
      Rye, New York 10580-1411
      (914) 921-1200 (phone)
      (914) 921-1023 (fax)

      Attorneys for Plaintiffs

NS.2716.AAS.Yang Ming

## **CERTIFICATE OF SERVICE**

    I, the undersigned counsel, hereby certify that on January 11, 2008 a true and correct copy of the foregoing Defendant's Answer and Affirmative Defenses to Plaintiffs' Complaint was filed electronically. Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        David T. Maloff, Esquire
        Thomas M. Eagan, Esquire
        MALOFF BROWNE & EAGAN LLC
        411 Theodore Fremd Avenue, Suite 190
        Rye, New York 10580-1411

        *Attorneys for Plaintiffs*


        By:   /s/ <u>Barry N. Gutterman</u>