Charles L. Howard (admitted *pro hac vice*)
KEENAN COHEN & HOWARD P.C.
One Pitcairn Place
165 Township Line Rd.
Jenkintown, PA 19046
(215) 609-1110

*Attorneys for Defendant*
*Yang Ming Marine Transport Corporationi*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOMPO JAPAN INSURANCE COMPANY OF AMERICA, and SOMPO JAPAN INSURANCE, INC. | NO.: 07 CIV. 11276 |
| *Plaintiffs,* | JUDGE CHIN |
| - against - | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| YANG MING MARINE TRANSPORT CORPORATION | |
| *Defendant.* | |

Defendant, Yang Ming Transport Corporation ("Yang Ming") hereby respectfully submits this reply memorandum of law in support of its Motion to Dismiss nine of the twelve counts pled by plaintiffs, Sompo Japan Insurance Company of America and Sompo Japan Insurance Inc. ("Plaintiffs").

**I.   Plaintiffs' attempt to apply the rail section of the Carmack Amendment to a sea shipping company directly conflicts with the statute**

Citing repeatedly to this Court's ruling which granted partial summary judgment in the related case of <u>Sompo Japan v. Norfolk Southern Railway Co. and Kansas City Southern Railway Co.</u>, No. 07 Civ. 2735(DC), Sompo now argues that freight owners can assert claims

under the Rail Section of the Carmack Amendment, 49 U.S.C. § 11706, against Yang Ming Marine Transport Corp.

In an attempt to distort the language of the statute, plaintiff selectively cites to the definition provision of the Act, defining rail carrier as a "person providing common carrier railroad transportation." Plaintiff then directs the Court only to the definition of "transportation." The key phrase in the definition is "common carrier." A common carrier can only be a rail carrier providing transportation subject to the jurisdiction of the U.S. Surface Transportation Board, 49 U.S.C. § 11101(a).

It is respectfully submitted that Yang Ming Marine Transport Corporation is not a rail common carrier, does not provide common carrier railroad transportation, and is not subject to regulation by the U.S. Surface Transportation Board.

Plaintiff also refers to the Court's decision in Project Hope v. M/V IBN SINA, et al., 250 F.3d 67 (2d Cir. 2001). In Project Hope, the U.S. Court of Appeals for the Second Circuit affirmed that Mill Transportation Company, an inland motor carrier, was liable for damage to freight under the motor carrier section of the Carmack Amendment. (The motor carrier section of the Carmack Amendment appears at 49 U.S.C. § 14706; the rail section appears at 49 U.S.C. § 11706). Neither the District Court nor the Court of Appeals in Project Hope applied the Carmack Amendment to an NVOCC.

While plaintiff cites other cases[1] that may lead one to conclude that if the damage did not occur at sea, then Carmack Amendment claims may accrue, even against a sea shipping company. However, the U.S. Supreme Court left no doubt about that issue in *Kirby*. The

---

[1] The cases that plaintiff cite including *Kyodo U.S.A., Inc v. COSCO N. Am. Inc. et al* (C.D. Cal. 2001), and *Reider v. Thompson* (1950) all hold that COGSA was strictly for damage of goods from "tackle to tackle;" however they were all determined before the Supreme Court clarified the law in *Kirby*. In fact, *Tokio Marie & Fire Ins. Co. v. Mitsui O.S.K Lines, Ltd* (C.D. Cal 2003), a case relied on by Plaintiff, made clear that Carmack did not apply because COGSA with its Himalaya Clause was more appropriate.

2

Supreme Court held "So long as a bill of lading requires a substantial carriage of goods by sea, its purpose is to effectuate maritime commerce-and thus it is a maritime contract." *Kirby,* 125 S.Ct. at 395. A Himalaya clause can extend the $500 liability limit to the damage caused while on rail as provide by COGSA itself. ''Nothing contained in this chapter shall prevent a carrier or a shipper from entering into any agreement, stipulation, condition, reservation, or exemption as to the responsibility and liability of the carrier or the ship for the loss or damage to or in connection with the custody and care and handling of goods prior to the loading on and subsequent to the discharge from the ship on which the goods are carried by sea'' 46 USCS § 1304(5). The Supreme Court's rationale is clear and explicit. "Confusion and inefficiency will inevitably result if more than one body of law governs a given contract's meaning. As we said in *Kossick*, when 'a [maritime] contract . . . may well have been made anywhere in the world,' it 'should be judged by one law wherever it was made.' *Id* at 29 quoting *Kossick* 365 U.S., at 741. Yang Ming would not enjoy the efficiencies of the default rule if the liability limitation it chose did not apply equally to all legs of the journey for which it undertook responsibility. Moreover, the apparent purpose of COGSA, to facilitate efficient contracting in contracts for carriage by sea, would be defeated.

**II.     Given that Plaintiff has a COGSA claim against Yang Ming, Plaintiff cannot assert tort and bailment claims as well.**

In attempting to bring supplemental claims against Yang Ming, plaintiff argues that COGSA is a "hybrid cause of action." While a COGSA claim may be characterized as a mixed cause of action, it may not actually be supplemented by separate common law claims. As clearly stated by the U.S. Court of Appeals for the Eleventh Circuit:

> We have found no cases in which a court has allowed a tort claim to proceed when COGSA applies. A few courts have permitted cargo owners or shippers to bring bailment claims against vessel owners, but

3

only after a determination that COGSA liability did not lie.  (Citations omitted).  <u>Polo Ralph Lauren, L.P. v. Tropical Shipping & Construction Co. Ltd.</u>, 215 F.3d 1217 (11th Circ. 2000).

The Court concluded that while COGSA claims may have a hybrid nature, COGSA "affords one cause of action for lost or damaged goods."  <u>Id</u>., at 1221.

    Plaintiff's common law tort and bailment claims, as well as its claims under the Carmack Amendment, must be dismissed in accordance with well settled law.  To hold otherwise would allow a maritime contract to be judged by a veritable potpourri of different laws and statutes, changing with transportation mode and location.

                              Respectfully submitted,

                              **KEENAN COHEN & HOWARD P.C.**

By:    /s/ Charles L. Howard
        Charles L. Howard
        One Pitcairn Place, Suite 2400
        165 Township Line Road
        Jenkintown, PA 19046
        Telephone:   (215) 609-1110
        Facsimile:    (215) 609-1117

        Attorneys for Defendant
        Yang Ming Marine Transport Corporation

Dated: April 14, 2008

**CERTIFICATE OF SERVICE**

I, the undersigned counsel, hereby certify that on April 14, 2008, a true and correct copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss was filed electronically.  Notice of this filing will be sent to the following party, listed below, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

>David T. Maloff, Esquire
>Thomas M. Eagan, Esquire
>MALOFF BROWNE & EAGAN LLC
>411 Theodore Fremd Avenue, Suite 190
>Rye, New York 10580-1411
>
>*Attorneys for Plaintiffs*

By:    /s/ Charles L. Howard
       Charles L. Howard